UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                  Criminal Case No. 15-20638-1
                                  Honorable Linda V. Parker

DOUGLAS LONG,

    Defendant.
_____/

## OPINION AND ORDER FINDING DEFENDANT TO HAVE VIOLATED THE CONDITIONS OF SUPERVISED RELEASE

On June 25, 2024, this Court held a supervised release violation hearing in this matter.  As set forth below, the Court concludes that the Government has established, by a preponderance of the evidence, that Defendant violated a mandatory condition of his supervised release.

### Background

On March 8, 2016, Defendant pled guilty pursuant to a Rule 11 plea agreement to one count of distribution of controlled substances, in violation of 21 U.S.C. § 841(a).  (ECF No. 22.)  On June 30, 2016, the Court sentenced Defendant to a term of imprisonment of 115 months followed by five years of supervised release.  (ECF No. 29.)  Defendant began his term of supervised release on August 30, 2022.  (ECF No. 31 at PageID. 154.)

On May 15, 2024, Defendant's probation officer, Ashley M. Jerrell, filed a report and petition for warrant alleging that he violated two conditions of his supervised release. (ECF No. 31.) Specifically, the report alleged that Defendant violated the mandatory condition that he shall not commit another Federal, State, or Local crime and the standard condition that he shall not leave the judicial district without prior approval. (*Id.* at PageID. 155.)

## Supervised Release Hearing

At the supervised release hearing, Defendant pled guilty to traveling out of the judicial district in violation of a standard condition of his supervised release. Sentencing for this violation is scheduled for July 9, 2024. As it relates to the alleged violation of the mandatory condition that he shall not commit another Federal, State, or Local crime, the Government called Defendant's probation officer, Ms. Jerrell, as a witness. Defendant did not call any witnesses but moved into evidence screenshots of text messages between himself and Ms. Jerrell.

## Findings of Fact and Conclusions of Law

Having heard and observed the witness who testified at the hearing, allowing for this Court to assess credibility, having considered the exhibit submitted by the parties, having considered counsel's arguments, and having applied the governing legal principles, the Court makes the findings of fact and conclusions of law set forth below.

Findings of Fact

In early April 2024, the Flint Area Narcotics Group (FANG) began to investigate allegations that Defendant was selling narcotics out of a home located at 852 Victoria Avenue in Flint, Michigan. Defendant resides in the basement portion of the home. On April 22, 2024, a search warrant was executed on the residence. Approximately 20 grams of cocaine were discovered in the pocket of a coat that was hanging in the basement. Digital scales were also discovered under the basement steps. Defendant, however, was not arrested and no formal charges have been brought against him.

That same day, after the search occurred, Defendant had a phone conversation with Ms. Jerrell. Later that day, he appeared at the probation office for a noncompliance meeting with Ms. Jerrell and her supervisor. Ms. Jerrell testified that at the meeting, Defendant admitted that he had been selling cocaine for financial reasons, as his hours at work had been cut back.

On May 16, 2024, Defendant sent a text message to Ms. Jerrell that was contrary to the admissions he gave in the meeting with her and her supervisor. The message read: "I never told officer[s] that I sold drugs for financial reasons[.] I can show [f]inancials for 2 weeks prior and their investigation had no drug sells [sic] from me." (Ex. A (alterations added).) Ms. Jerrell did not respond to this message. She testified that she was also unsure what he meant by this message.

3

Conclusions of Law

18 U.S.C. § 3583 governs the Court's disposition of this matter. Fed. R. Crim. P. 32.1(d). Under § 3583(e)(3), a district court may revoke a term of supervised release if it finds "by a preponderance of the evidence that the defendant violated a condition of supervised release[.]" 18 U.S.C. § 3583(e)(3); *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000).

"The preponderance standard requires a lesser quantum of proof and enables the trier of fact to make a determination of guilt that it could not make if the standard were that at trial, i.e., guilt beyond a reasonable doubt." *United States v. Thompson*, 314 F. App'x 797, 799 (6th Cir. 2008) (citing *In re Winship*, 397 U.S. 358, 368 (1970)).

The Government has presented sufficient evidence to prove, by a preponderance of the evidence, that Defendant engaged in the alleged conduct, by establishing that he both possessed cocaine and admitted to selling it to his probation officer at a meeting conducted the same day, although not contemporaneous with, but certainly shortly after the execution of the FANG search warrant. Such conduct is a violation of the mandatory conditions of his supervised release.

## Conclusion

For these reasons, the Court concludes that the Government has established, by a preponderance of the evidence, that Defendant engaged in conduct constituting a violation of his supervised release.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall appear for sentencing on July 9, 2024.

**IT IS FURTHER ORDERED** that the parties shall submit sentencing memorandums no later than July 2, 2024.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 1, 2024